UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 16-20960 (JJT) |
| | ) | | |
| WALNUT HILL, INC., | ) | | |
| | ) | CHAPTER | 7 |
| DEBTOR. | ) | | |
| | ) | | |
| BONNIE C. MANGAN, Chapter 7 | ) | | |
| Trustee for WALNUT HILL, INC., | ) | | |
| | ) | ADV. PRO. No. | 17-02027 |
| | ) | | |
| PLAINTIFF | ) | | |
| V. | ) | | |
| | ) | RE: ECF No. | 28 |
| VALUE HEALTH CARE SERVICES, | ) | | |
| LLC, and SCOTT M. KRAIMER, | ) | | |
| | ) | | |
| DEFENDANTS. | ) | | |

**RULING ON MOTION TO SET ASIDE DEFAULT**

**I.    BACKGROUND**

In the matter before this Court, the Defendant, Scott M. Kraimer ("Marshall" or "Defendant") seeks to set aside a default entered against him on June 22, 2017, based upon the failure of legal counsel to timely appear or answer the Chapter 7 Trustee's Complaint seeking redress for an alleged fraudulent conveyance and/or preference in the form of a Marshall's execution fee collected pursuant to a writ of execution. The writ was issued on behalf of Value Health Care Services, LLC ("Value Health Care" or "VHC"). VHC sought to serve the execution on a bank account of the Debtor held at Wells Fargo Bank, N.A., for a judgment in the amount of $518,382.68. In effectuating service of the writ, the Marshall allegedly collected $687,905.92[1] (with the net later paid over to Value Health Care) on the judgment, inclusive of his statutory fee, *see* Conn. Gen. Stat. § 52-261. The Trustee's avoidance claims against Value Health Care have

---

[1] The execution sought the sum of $687,905.92 consisting of $543,816.92 (Execution Balance), $54,356.00 (Interest), $89,725.00 (Marshall's fee) and $8.00 (Bank fee)

been fully resolved and settled by a 9019 order (ECF No. 23) and VHC has returned $598,172.92 to the Trustee. The settlement did not include the Marshall's fee collected in service of the Writ. The Defendant contends that while he endeavored to retain counsel to respond to the Trustee's lawsuit, through miscommunication, neglect or inadvertence of his lawyer, that lawyer never appeared or responded to the complaint.  New counsel has appeared, professed diligence to proceed, advanced a summary of alleged potential defenses and has requested that the default be vacated so the case might proceed on its merits.

The Trustee has interposed strenuous objections to such an order contending, *inter alia*, that the Defendant has advanced meritless legal and factual defenses, and that the Trustee will suffer prejudice, should the Court set aside the default.

## II. **LEGAL STANDARD**

Under Fed. R. Civ. P. 55(c), the Court may set aside the entry of a default for good cause. In determining whether to set aside a default, courts consider: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983).

Second Circuit precedent indicates that the courts weigh these factors, often without noting whether the presence or absence of any particular factor may be dispositive:

> In this case, there is an absence of willfulness, though the gross negligence **weighs** somewhat against the defaulted party; on the other hand, the presentation of a meritorious defense and the lack of prejudice to American **weigh heavily** in favor of Eagle. On balance, we conclude that the District Court's allowable discretion was exceeded. The decision of the District Court to deny the motion to vacate is reversed, and the case is remanded for further proceedings.

*Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996) (emphasis added).

However, the Second Circuit Court of Appeals and its district courts have concluded that a meritorious defense must be lodged to set aside a default. *See, e.g.*, *In re Martin-Trigona*, 763 F.2d 503, 506 at n. 2 (2d Cir. 1985); *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139, 140 (S.D.N.Y.

1970). "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *Eagle Ins. Co.*, 92 F.3d at 61. Instead, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Id* (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir.1988)).

### III.    ANALYSIS

In assessing the arguments of the parties, and weighing the relevant factors, the Court finds that the record sufficiently demonstrates that the default was not willful (but the result of miscommunication, neglect or inadvertence) and that the prejudice, if any, to the Plaintiff, who must now prosecute her claim, was, at most, nominal. That the Plaintiff must now develop and advance her case, instead of prevailing upon default, is not prejudicial; it is a burden inherent in prosecuting a lawsuit to conclusion. In weighing this contention, this Court is mindful that "[s]trong public policy favors resolving of disputes on the merits." *Eagle Ins. Co.*, 92 F.3d at 61.

With regard to the presence of a meritorious defense, the Marshall contends that he served, (as an indifferent party), a facially valid execution, according to its direction, upon the Debtor's bank in pursuit of the facially valid collection of a judgment and recovery of his statutory fee.

As such, the Marshall has advanced several colorable defenses, including: a) that the transfer in question was not for or on account of an antecedent debt, under 11 U.S.C. § 547(b)(2) and Conn. Gen. Stat. § 52-552e(a); b) that the Debtor received reasonably equivalent value in exchange for the transfer, under 11 U.S.C. § 548(a)(B)(i) and Conn. Gen. Stat. § 52-552e(a)(2);  c) that the Defendant at all times acted in good faith;  d) that the Defendant did not know that the debtor was insolvent, had no knowledge of the voidability of the transfer, or reason to believe that the debtor was going to file for bankruptcy, pursuant to 11 U.S.C. § 550(b)(1); [2] and e) that, notwithstanding voidability of the alleged transfer, which is denied, the Defendant as a good-faith

---

[2] Such defense is available to an "immediate or mediate transferee." 11 U.S.C. § 550(b).

transferee is entitled, to the extent of the value given the debtor for the transfer or obligation, to (1) a lien on or a right to retain any interest in the asset transferred; (2) enforcement of any obligation incurred; or (3) a reduction in the amount of the liability on the judgment, under Conn. Gen. Stat. § 52-552i(d).

While this Court needn't address whether the Defendant will prevail upon any of the alleged defenses, it finds that the proposed defenses either assail an element of the cause of action(s) or raise valid affirmative defenses set forth in the applicable avoidance statutes. Each alleged defense also appears to be based upon colorable arguments from the underlying facts advanced herein.

At this stage, therefore, the Defendant has satisfied his burden, and the relevant factors support a finding of good cause to set aside the default.

## IV.    CONCLUSION

Upon consideration of the absence of meaningful prejudice, the lack of willful default, and the assertion of multiple meritorious defenses, this Court has determined that good cause exists to set aside the default. The Defendant is hereby directed to file his Answer and Special Defenses within five (5) days hereof.  Further, the parties are directed to meet and confer upon and submit, within ten (10) days hereof, the terms of a Pretrial Order in conformity with the Court's standard practices and procedures, as set forth on the Court's website, so as to advance this case to summary judgment or trial on or before January 1, 2018.

IT IS SO ORDERED at Hartford, Connecticut this 13th day of October 2017.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut